# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-524V

|  |  |
|---|---|
| VERONICA DEFEO, parent and natural guardian of L.D., a minor,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: June 27, 2025 |

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Lara A. Englund*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 11, 2019, Veronica Defeo, parent and natural guardian of L.D., filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that L.D. suffered an intussusception injury as a result of a rotavirus vaccination administered on June 19, 2017. Petition at 1. On July 7, 2020, I issued a decision awarding compensation to Petitioner based on Respondent's proffer. ECF No. 57.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $24,192.31 (representing $23,609.50 in fees plus $582.81 in costs).[3] Application for Attorneys' Fees and Costs ("Motion") filed April 8, 2024, ECF No. 76. Additionally, Petitioner requests guardianship costs of $2,363.02 (representing $1,860.00 in fees plus $503.02 in costs) and future guardianship fees in the amount of $8,255.76.[4] *Id.* Furthermore, Petitioner filed a signed statement representing that Petitioner incurred no personal out-of-pocket expenses. *Id*. at 3.

Respondent reacted to the motion on April 12, 2024, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 77. Petitioner did not file a reply.

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates. Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 70 at 20 - 28. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded total attorneys' fees and costs and guardian fees and costs in the total amount of $34,811.09 (representing $24,192.31 for attorneys' fees and costs, $2,363.02 in guardianship fees and costs, and $8,255.76 in future guardianship fees and costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of

---

[3] Petitioner's application for attorneys' fees and costs, or a motion for an extension of time to file her application, was initially due by no later than January 11, 2021 (180 days after the July 13, 2020 entry of Judgment). ECF No. 59; Vaccine Rule 13. Petitioner ultimately filed a grossly untimely motion for enlargement of time to file her application for fees and costs on July 12, 2022. ECF No. 68. I granted Petitioner's untimely motion (ECF No. 69), because subsequent to Judgment entering in this case (ECF No. 59), Petitioner had interposed a Motion for Relief from Judgment ((ECF No. 62) – and that motion was still pending on January 11, 2021. Accordingly, there was a reasonable explanation for delay in seeking the fees award in this case. For this same reason, I have not reduced Petitioner's award of attorney's fees and costs despite her untimely motion. However, counsel is cautioned that any future untimely requests for attorney's fees and costs may result in the denial, or reduction, of an award. Vaccine Rule 13(a)(2).

[4] This amount was calculated as follows; Attorney time of 1.5 hours at a rate of $275 per hour for 12 years; Paralegal time of 1.5 hours at a rate of $125 per hour for 12 years; and filing fees at a rate of $87.98 each for 12 years. ECF No. 76 at 30.

a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

                                        **s/Brian H. Corcoran**
                                        Brian H. Corcoran
                                        Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.