# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 18-524V

|  |  |
|---|---|
| VERONICA DEFEO, parent and natural guardian of L.D., a minor<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: January 11, 2022<br><br>Special Processing Unit (SPU);<br>Motion for Relief from Judgment;<br>Vaccine Rule 36; Rule 60(b)(1) |

### ORDER  DENYING  PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT[1]

On October 11, 2019, Veronica Defeo, parent and natural guardian of L.D., filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that L.D. suffered an intussusception injury as a result of a rotavirus vaccination administered on June 19, 2017. Petition at 1. Entitlement was conceded and Petitioner was awarded damages (*see* June 24, 2020 Proffer ("Proffer")). Judgment entered on July 13, 2020 (ECF No. 59), and was not appealed.

Three months later, on October 27, 2020, Petitioner filed a Motion for Relief from Judgment. ECF No. 62 ("Mot."). The motion indicates that Petitioner was informed of the payment options for the awarded damages (including only a pain and suffering award plus a lesser amount of unreimbursed expenses), and initially did not wish to set up an

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

annuity but instead a guardianship to distribute needed funds for treatment. *Id.* at 1. Thereafter, however, Petitioner changed her mind and decided she would prefer to receive payment in the form of an annuity. *Id.* at 2. In support of the motion, Petitioner states that she "did not fully understand the implications associated with setting up a guardianship." *Id.*

Respondent reacted to the Motion on November 9, 2020. ECF No. 63 ("Response"). Respondent deferred the resolution of whether Petitioner's request for relief is justified to my discretion, but stated that if Petitioner's motion is successful the current Proffer would be voided and the award amount would need to be renegotiated. Response at 1-2.

Petitioner filed an additional brief in further support of her motion on December 14, 2020.[3] ECF No. 65. Petitioner again emphasized she had misunderstood what a guardianship would entail, and this mistake entitles her to relief under U.S. Ct. Fed. Cl. R. 60(b)(1). Petitioner requests that she instead be awarded an annuity reflecting the total sum awarded by Proffer.

**ANALYSIS**

I.              Applicable Legal Standards

Under the Vaccine Rules, a party may seek relief from judgment pursuant to RCFC 60. Vaccine Rule 36(a). If the petition was not previously assigned to a Court of Federal Claims judge in association with a motion for review, the motion for relief is referred to the previously-assigned special master. Vaccine Rule 36(a)(2).

"A motion for relief from judgment [pursuant to Rule 60(b)] is one for extraordinary relief entrusted to the discretion of the court." *Matos v. Sec'y of Sec'y of Health & Hum. Servs.*, 30 Fed. Cl. 223, 225 (Fed.Cl.1993) (quoting *Yachts America, Inc. v. United States*, 8 Cl.Ct. 278, 281 (Cl.Ct.1985)). In order to preserve the finality of judgment, such relief should be used sparingly–only when "the need for truth outweighs the value of finality in litigation." *Curtis v. United States*, 61 Fed. Cl. 511, 512 (Fed. Cl. 2004). In sum, "the granting of RCFC 60(b) relief should be the exception, not the rule." *Vessels v. Sec'y of Sec'y of Health & Hum. Servs.*, 65 Fed. Cl. 563, 568 (Fed. Cl. 2005).

Under Rule 60(b)(1), relief may be granted for "mistake, inadvertence, surprise or excusable neglect." RCFC 60(b)(1). In determining whether a movant has made a prima facie case for relief under Rule 60(b)(1), the court considers: "(1) whether the movant

---

[3] Petitioner's brief was ordered on December 14, 2020, because I determined that the initial motion required more detailed support. ECF NO. 64.

has a meritorious claim or defense; (2) whether the nonmovant would be prejudiced by the granting of relief; and (3) whether the matter sought to be relieved was caused by the movant's own culpable conduct." *Orient Overseas Container Line (UK) Ltd. v. United States*, 52 Fed. Cl. 805, 807 (Fed. Cl. 2002) (citing *Information Systems & Networks Corp. v. United States*, 994 F.2d 792, 795–96 (Fed. Cir. 1993)). No single factor is determinative. Rather, the court applies a balancing approach, "taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

### A.    Existence of a Meritorious Claim

The first question in the three-factor test is whether the movant has a meritorious claim or defense. Here, there is no question that Petitioner has a meritorious claim. Respondent conceded entitlement on October 11, 2018, and a ruling on entitlement was issued on October 19, 2018.

### B.    Prejudice to Respondent

The second inquiry in the three-factor test is whether the nonmoving party will be prejudiced if the requested relief is granted. An interest in the finality of judgment is not sufficient prejudice, as any prevailing litigant would have such an interest. *Stelco Holding Co. v. United States*, 44 Fed. Cl. 703 at 714 (1999). Rather, it must be determined whether granting relief from judgment "would present any concrete threat of injury" to the nonmovant. *Id.* at 714. Examples of such prejudice include "the possibility of loss of evidence or other difficulties in obtaining discovery," and/or unfair surprise. *Id.* at 714–15.

In this case, Respondent has indicated that relief from judgment would result in the need to renegotiate the entirety of the award, as the current proffer would be voided. Response at 1-2. While this may not be as severe as the loss of evidence, renegotiating a settlement is no small task and would require additional time and resources from Respondent. However, interest in the finality of the judgment could not "be meaningfully weighed in the abstract, for the same may be said about any prevailing litigant." *Stelco*, 44 Fed.Cl. at 714. I agree that the need to renegotiate the Proffer, without more, does not have great force.

### C.    The Matter was Caused by Petitioner's Own Culpable Conduct

The third inquiry is whether the matter sought to be relieved was caused by the movant's own culpable conduct. Successful motions often involve clerical mistakes or the inadvertent omission of certain fees. *McCray v. Sec'y of Health &* Hum. Servs., No. 11-567V, 2014 WL 2858593, at *2 (Fed. Cl. May 29, 2014) (granting a motion under RFCF 60(b)(1) due to a clerical error in the amount awarded in a stipulation); *Sweat v. Sec'y of*

*Health & Human Servs.*, No. 14-329V, 2016 WL 4483039, at *1–2 (Fed. Cl. Spec. Mstr. June 16, 2016) (amending judgement under RCFC 60(b)(1) where petitioner's counsel "inadvertently" failed to account for guardianship fees in the original fees stipulation).

However, courts have consistently held that "'failure to evaluate carefully the legal consequences of a chosen course of action provides no basis for relief from judgment' under Rule 60(b)(1) or 60(b)(6)." *In re Pettle*, 410 F.3d 189, 192 (5th Cir. 2005) (quoting *Nemaizer v. Baker,* 793 F.2d 58, 62 (2d Cir.1986)); *see also Eskridge v. Cook Cnty.,* 577 F.3d 806, 809–10 (7th Cir. 2009) ("It is … difficult to characterize [a] voluntary dismissal order as the result of excusable 'neglect.' … Since counsel made a 'deliberate, strategic choice' to dismiss the federal lawsuit and proceed … in state court, counsel's incorrect assessment of the consequences of that choice did not compel relief under Rule 60(b)."); *In re Mercado–Jimenez,* 193 B.R.112 (D.P.R.1996) (bankruptcy court did not abuse its discretion when it denied debtor's motion to withdraw an earlier motion for voluntary dismissal). Further, special masters in the Vaccine Program (including me) have held that it is unreasonable to seek to change a judgment simply because a claimant later deems it in his interest to do so. *Kollasch v. Sec'y of Health & Hum. Servs.*, No. 10-717V, 2021 WL 1728714, at *8 (Fed. Cl. Spec. Mstr. Apr. 6, 2021) ("[t]he time to contemplate and plan for the unexpected was when the Settlement's terms were struck—and it is unreasonable as a matter of law to permit the Petitioners, regardless of their good faith, to change the Judgment" thereafter solely due to their perceptions of benefit).

Here, Petitioner's briefing acknowledges that the decision to establish a guardianship was an informed one, specifically chosen by agreement of the parties. Petitioner accepted the terms of the proffer (Proffer at 1), filed a notice not to seek review, and an election to accept judgment shortly thereafter. ECF Nos. 57, 60. At most, the briefing indicates that Petitioner simply did not understand what a guardianship would involve. Mot. at 1. Petitioner's additional briefing again states that she misunderstood what a guardianship would entail.

Such a "misunderstanding" of legal distinctions between a guardianship and annuity does not qualify as "excusable" grounds to reopen the Judgment. Petitioner simply changed her mind with regard to the structure of the award. The time to contemplate the award was when the terms of the settlement were struck, and it is unreasonable to allow Petitioner to change the judgment after the fact. No other changed facts or circumstances beyond Petitioner's personal desires have been established that would justify the relief sought.

I.    **Conclusion**

4

It is unfortunate that Petitioner apparently failed to evaluate the settlement structure in this matter. However, Petitioner's misunderstanding alone is not enough to vacate the judgment. Although the Petitioner's request is made in good faith, she has not persuasively demonstrated that modification is justified. Accordingly, the motion for relief from judgment pursuant to RCFC 60(b)(1) is **DENIED**.

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master